**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WALTER ANDERSON,                    :
                                    :  Civil Action No. 11-4789 (RMB)
          Petitioner,               :
                                    :
     v.                             :       O P I N I O N
                                    :
J.T. SHARTLE,                       :
                                    :
          Respondent.               :
_____ :

**APPEARANCES:**

Walter Anderson, Pro Se
27981-016
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

Elizabeth Ann Pascal, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**BUMB, District Judge**

   Petitioner Walter Anderson, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  The respondent is the warden of the Federal

---

   [1]  Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective

Correctional Institution. Respondent filed a Response to the petition and the administrative record of the case (docket entry 10), and Petitioner replied to Respondent's filing (docket entry 13). Petitioner also filed two motions for summary judgment, which remain pending (docket entries 2, 3).

Because it appears from a review of the submissions and record that Petitioner is not entitled to relief, the petition, and motions, will be denied.

## BACKGROUND

**A.  The Second Chance Act**

Residential Re-Entry Center ("RRC") assignments are governed by 18 U.S.C. § 3624(c)(1), which was amended in 2007 by the Second Chance Act, Pub. L. No. 110-199, effective April 9, 2008. In essence, the Act extended the maximum amount of time that the BOP may place an inmate in an RRC from 180 days to twelve months. Regularly referred to as the "Second Chance Act," the amended statute provides, in pertinent part:

> (1) In General.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed

---

> jurisdictions.
>         * * *
> (c) The writ of habeas corpus shall not extend to a prisoner unless-... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

> 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.-The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
> ...
> (4) No limitations.-Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.
> ...
> (6) Issuance of regulations.  The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is-
>
>> (A) conducted in a manner consistent with section 3621(b) of this title;
>>
>> (B) determined on an individual basis; and
>>
>> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).  As noted in the statute, the BOP was ordered to issue regulations not later than 90 days after the date of the enactment of the Second Chance Act, to ensure that placement was conducted consistently with § 3621(b) of the statute, that the determination was individualized, and that the duration of placement was sufficient.  Section 3621(b) states:

> (b)  Place of imprisonment.  The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any

> available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 . . .
>
> . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

On April 14, 2008, the BOP issued a "Memorandum for Chief Executive Officers", providing staff guidance for implementing the Second Chance Act. The memorandum indicated that the BOP's then-existing time frame on pre-release community confinement placement was no longer applicable and should not be followed, that certain adjustments were necessary to the Program Statement 7310.04, concerning review of inmates for pre-release RRC placement, and that each inmate's pre-release RRC decision must be analyzed and supported under the § 3621(b) factors, cited above. Among other guidelines, the memorandum provided:

4

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

BOP Memo, April 14, 2008, as cited in Strong v. Schultz, 599 F. Supp.2d 556, 562 (D.N.J. 2009).

Subsequently, the BOP issued the required regulations, effective October 21, 2008, setting forth procedures for evaluating inmates' placement decisions to RRCs or home detention. See 28 C.F.R. §§ 570.20-570.22. The regulations do not include the requirement in the April 14, 2008 memo for approval from the Regional Director for pre-release RRC placement beyond six-months.[2]

---

[2] Title 28 of the Code of Federal Regulations, section 570.22 states: "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."

The time frames noted are set forth in section 570.21, which states:

> (a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and

In addition, on June 24, 2010, a revised guidance memorandum was disseminated to provide BOP staff with new guidance on RRC placements. In particular, BOP staff were reminded that "all" inmates are statutorily eligible for up to twelve (12) months of pre-release RRC placement. However, the memo also advised that "not all inmates are appropriate for RRC placement, and for those who are appropriate, the length of the RRC placement must be determined on an individual basis in accordance with this guidance."

**B.    Petitioner's Claims and Application of the Act**

    1.    Background of Petitioner's Case

Petitioner was convicted in the United States District Court for the District of Columbia for Tax Evasion and Fraud, in violation of the United States Code. On March 27, 2007, he was sentenced to a 108-month term of imprisonment. Assuming Petitioner receives all good conduct time available, his release date is December 29, 2012.

---

> programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.
>
> (c) Exceeding time-frames. These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.
>
> 28 C.F.R. § 570.21

On April 28, 2011, approximately twenty months from his projected release date, Petitioner was reviewed for placement in a Residential Re-entry Center ("RRC"). After a review of Petitioner's Central File, Presentence Investigation Report ("PSR"), and other documentation, Respondent recommended a placement period of 151 to 180 days. See Declaration of Ruth Petriello ("Petriello Declaration"), Ex. 2). The Petriello Declaration includes the Inmate Skills Development Plan ("ISDS"), and Petitioner's RRC Consideration Form. The Consideration Form notes that the Unit Team considered the following factors in formulating an RRC start date for Petitioner: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; (5) any pertinent policy statement issued by the Sentencing Commission; and (6) whether the inmate completed certain programs. After consideration, the Unit Team recommended the placement of 180 days, and stated:

> Inmate Anderson is serving a 108 month sentence. He needs to secure a residence and employment. He has no supervised release to follow. Inmate Anderson receives monetary support and has family support following incarceration. Specifically, [he] has had $3051.42 in

>     past 6 mos. in trust fund account.  Has had $700.00
>     sent in monthly.   Monthly visits w/family & friends.

(Petriello Decl., Ex. 5).

The Petriello Declaration further notes that Petitioner "has a placement date of July 31, 2012, to an RRC in Washington, D.C. Petitioner was referred for an RRC placement of up to 180 days but he was given a 152-day placement due to limited bed space in the RRC. (Petriello Decl., ¶ 16).

Respondent concedes that administrative remedies have been exhausted. (Answer, p. 4).

2.  Petitioner's Claims

Petitioner sets forth a list of specific claims in his petition, including:

(1)  The BOP did not consider all statutory factors pursuant to 18 U.S.C. § 3621 and § 3624(c)(6)(C);

(2)  The BOP did not consider the statutory factor on an "individual basis," pursuant to 18 U.S.C. § 3624(c)(6)(B);

(3)  The BOP based the majority of factors they raised on inaccurate information;

(4)  The BOP abused its discretion by failing to provide any objective criteria and standards related to placement, by an arbitrary policy which limits placement time, and by allowing unit teams to apply inconsistent policies;

(5)  The BOP has adopted and maintained an informal policy to limit the amount of halfway house and home detention time to less than six months.

(See Brief, filed with Petition).

**DISCUSSION**

8

Petitioner's claims will be denied on their merits.  In Strong v. Schultz, 599 F. Supp.2d 556 (D.N.J. 2009), the petitioner, Douglas Strong's RRC placement decision was made on October 2, 2008.  Thus, the decision was made subsequent to the April 14, 2008 memo, but prior to the October 21, 2008 enactment of the regulations by the BOP.  In Strong, the court held that the April 14, 2008 Memorandum issued by the BOP was inconsistent with the Second Chance Act's amendments to 3624(c), because it "impermissibly constrains staff's discretion to designate inmates to a CCC for a duration that will provide the greatest likelihood of successful reintegration into the community, contrary to § 3624(c)(6)(C)."[3]  Strong, 599 F. Supp.2d at 563.  Thus, as to Mr. Strong, the court held:

> Accordingly, because the duration of Strong's [RRC] placement was determined pursuant to these impermissible limitations, the BOP abused its discretion in determining that Strong's placement would be for six months.  This Court will therefore grant the writ to Strong, and remand the matter to the BOP with instructions to consider Strong for a longer placement in a [RRC], in accordance with the Second Chance Act, and without regard to the April 14, 2008, Memorandum.

Id. at 563.

In this case, however, Petitioner's placement decision was made after the effective date of the interim rule.  Nevertheless, Petitioner alleges that his placement decision was impermissibly

---

[3] Prior to 2006, the BOP referred to halfway houses as "Community Corrections Centers," or "CCCs."  Today, halfway houses are more commonly knows as RRCs.

constrained by the six-month presumption contained in the April 14, and November 14, 2008, memoranda.

Courts since <u>Strong</u> have recognized its limited holding. In cases, such as here, where Petitioner's RRC placement decision was made after the BOP issued the appropriate regulations and abandoned the directive in the Memorandum concerning the six-month presumptive placement, courts have consistently held that the Second Chance Act does not guarantee a one-year RRC placement, but "only directs the Bureau of Prisons to consider placing an inmate in a RRC for *up to* the final twelve months of his or her sentence." <u>Lovett v. Hogsten</u>, 2009 WL 5851205 (6th Cir. Dec. 29, 2009)(unpubl.); <u>see also</u> <u>Travers v. Federal Bureau of Prisons</u>, 2009 WL 4508585 (D.N.J. Nov. 30, 2009)(Hillman, J.)(finding that ". . . nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120-150 days already approved. These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations."); <u>Creager v. Chapman</u>, 2010 WL 1062610 (N.D. Tex. Mar. 22, 2010)(holding that although Petitioner disagrees with her RRC placement date after consideration of the § 3621(b) factors, this "does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to any

guaranteed placement in a residential reentry center[]" and "'the duration of [RRC] placement is a matter to which the [BOP] retains discretionary authority.'" (citations and quotation omitted)); <u>Chaides v. Rios</u>, 2010 WL 935610 (E.D. Cal. Mar. 15, 2010)(noting that "In sum, the BOP has discretionary authority to transfer an inmate to an RRC at any time, after considering the factors set forth in 18 U.S.C. § 3621(b), and has a separate and distinct obligation to consider an inmate for transfer to an RRC for up to twelve months prior to the inmate's release date, after considering the factors set forth in section 3621(b)." (citation omitted)); <u>see also</u> <u>Wires v. Bledsoe</u>, 2010 WL 427769 (M.D. Pa. Feb. 3, 2010) (finding ". . .since the petitioner's unit team recommended significantly less than six months (only 60 days) in a RRC, there is no basis to infer that their discretion was in any way constrained or chilled by the requirement stated in the memoranda that RRC placement beyond six months must be based on unusual or extraordinary circumstances and must be approved by the Regional Director"); <u>Torres v. Martinez</u>, 2009 WL 2487093, at *4-5 (M.D. Pa. Aug. 12, 2009) (finding ". . . the Bureau of Prisons did not violate the Second Chance Act when it determined that Petitioner Torres would be placed in pre-release custody for six months, regardless of whether it followed the April 18, 2008 Memorandum or the October 2008 Regulations when it reviewed the petitioner's case"); <u>Ramirez v. Hickey</u>, 2010 WL 567997 (E.D. Ky.

Feb. 12, 2010) (finding there was nothing presented to indicate that the RRC placement decision was "based upon arguably discretion-limiting criteria contained in the now defunct April 14, 2008, Memorandum").

In fact, cases brought before various district courts around the country have resulted in the courts examining whether the § 3621(b) factors were considered by the BOP in making the RRC placement decision, after an individualized assessment. When the 3621(b) factors are considered, the courts are satisfied that the law was correctly applied and followed.

In the case before this Court, it is clear that Petitioner was considered for RRC placement in accordance with the factors enumerated in § 3621(b) and on an individualized basis. This is evidenced by the Exhibits to the Petriello Declaration. Ms. Petriello, a Case Manager declared that she reviewed Petitioner's Central file and assessed Petitioner's file to recommend an RRC placement. (See Petriello Declaration, docket entry 10-2). The Re-Entry Consideration Form, attached to the Petriello Declaration as Exhibit 5, specifically lays out the § 3621(b) factors to be considered. The conclusion on the form is that the 180 day recommendation for RRC placement was based on Petitioner's specific circumstances.

Thus, based on the foregoing, this Court finds that the BOP complied with the Second Chance Act and Petitioner has not

demonstrated that he "is in custody in violation of the Constitution or laws or treaties of the United States . . . ." as required for relief under 28 U.S.C. § 2241.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby denied.  Petitioner's pending motions shall be dismissed as moot.

An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: March 14, 2012

13